**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SENG LONG KIM,** | : | **CIVIL ACTION** |
| **et al.,** | : | |
| ***Plaintiffs*,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JOHNY M. PIERRE,** | : | **No. 25-cv-141** |
| **et al.,** | : | |
| ***Defendants*.** | : | |

# MEMORANDUM

**KENNEY, J.** **August 17, 2026**

The instant case arises from a motor vehicle accident that occurred on Interstate 95 ("I-95") in Bensalem, Pennsylvania. ECF No. 1. Plaintiffs bring claims for negligence stemming from injuries Plaintiffs each sustained in the crash. *Id.* Presently before the Court is Defendants Johny Pierre and Star Logistics and Hospitality Services, LLC's Motion for Partial Summary Judgment (the "Motion"). ECF No. 79.[1] For the reasons discussed below, the Motion (ECF No. 79) will be **GRANTED in part** and **DENIED in part**.

[1] Also before the Court is Defendants' unopposed Motion to Amend/Correct the Memorandum of Law filed in support of the Motion for Partial Summary Judgment. ECF No. 93. The Motion to Amend/Correct (ECF No. 93) seeks to amend/correct typographical errors in the Memorandum of Law filed at ECF No. 79-1. *Id.* at 1. Specifically, Defendants' original Memorandum of Law was erroneously titled "Memorandum of Law in Support of Defendants' Motion to Compel Independent Medical Examinations, Follow-Up Depositions, and Trial Date." *Id.*; ECF No. 79-1 at 1. In addition, the Memorandum of Law featured paragraph numbering in Part II, "Standard of Review." ECF No. 93 at 1; ECF No. 79-1 at 3–4. For obvious reasons, neither of these typographical errors altered the substance of Defendants' Memorandum of Law, as they themselves conclude. *See* ECF No. 93 at 1 ("This memorandum simply corrects two typographical errors and does not change the substance of the Motion in any way."). Apart from these typographical errors, the Memoranda are identical. The Court had already considered Defendants' Partial Motion for Summary Judgment at the time the Motion to Amend/Correct had been filed. Accordingly, Defendants' Motion to Amend/Correct (ECF No. 93) is denied as moot.

# I. BACKGROUND

## A. Procedural Background

On January 9, 2025, Plaintiffs Seng Long Kim, Srey Pov Art, and Som Art Hy (collectively, "Plaintiffs") initiated the above-captioned action by filing a Complaint against Defendants Johny M. Pierre ("Mr. Pierre"), Star Logistics and Hospitality Services, LLC, Star Laundry, Inc., Clean World Laundry Corp., Star Logistics Services, LLC, and Ryder Truck Rental, Inc.[2] ECF No. 1. Plaintiffs' Complaint sets forth tort claims for reckless and negligent conduct and loss of consortium stemming from a motor vehicle accident that took place on Interstate-95 South, on September 20, 2024. *Id.* ¶¶ 19–26, 37–44.

On May 28, 2026, Mr. Pierre and Star Logistics and Hospitality Services, LLC (hereinafter "Defendants") filed a Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. ECF No. 79. The same day, Defendants filed a Motion to Preclude the Expert Testimony of Keith A. Bergman, P.E. ECF No. 81. The Court granted in part and denied in part Defendants' Motion to Exclude Bergman.[3] ECF No. 99.

The Parties have fully briefed the Motion for Partial Summary Judgment. ECF Nos. 79, 83, 85–86.[4] The motion will be decided on the basis of the Parties' submissions without oral argument.

[2] Plaintiffs also named John/Jane Does 1–5 and ABC/123 Corporations 1–5, representing unidentified individual and corporate defendants, as Defendants to this action. ECF No. 1 at 4. Since filing the Complaint, the Parties have stipulated to dismissal of Defendant Ryder on June 23, 2025. ECF No. 44.

[3] The Court excluded his legal conclusions but permitted his other testimony regarding Mr. Pierre's perception of the road based on the speed he was traveling. *See id.*; *see also* ECF No. 98.

[4] *Supra* note 1.

### B. Factual Background[5]

#### 1. Mr. Pierre's Employment with Star Logistics

Mr. Pierre began working for Star Logistics and Hospitality Services LLC in 2023.[6] ECF No. 86-1 at 6–7.[7] Initially, Mr. Pierre worked in the "inside" doing washing, ironing, and "pull[ing]" sheets. *Id.* After some time, he moved from "inside" to working on the trucks. *Id.* at 8. Once Mr. Pierre began working on the trucks, he was given special training, including training on how to operate the commercial trucks when approaching an accident or emergency-response scene. ECF No. 83-2 ¶ 16; ECF No. 86-1 at 8–9, 45–46. The parties otherwise contest the factual

[5] The following facts are taken from Defendants' Proposed Material Facts (ECF No. 79-3) and Plaintiffs' Response to Defendants' Proposed Material Facts (ECF No. 83-1) to the extent those facts are well-supported by pinpoint citations to the record. *See* FED. R. CIV. P. 56(c)(1); *see also Ullrich v. U.S. Sec'y of Veterans Affs.*, 457 F. App'x 132, 137 (3d Cir. 2012) ("Rule 56 explicitly requires the party asserting the absence or existence of a genuinely disputed fact to support that assertion by citing to specific parts of the record." (citing FED. R. CIV. P. 56(c)(1))). Where either Party has denied a fact but has failed to properly dispute that fact, the Court has deemed that fact *undisputed*. *See* FED. R. CIV. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]")

[6] While Plaintiffs make passing references to Defendants' previous, inconsistent responses regarding Mr. Pierre's employer during discovery, *see* ECF No. 83-3 at 1–2 n.1 ("Mr. Pierre claims he was 'employed by Star Laundry' in his answers to Interrogatories and Mr. Pillot, Star Laundry's corporate designee, testified to the same"), and that Plaintiffs have been unable to discovery the asset information or corporate structure of the defendant entities, *see id.* ("Plaintiffs have been unable to obtain the appropriate asset or wage information to gather more evidence regarding Mr. Pierre's proper employer for purposes of this matter at this Honorable Court held in an Order dated January 29, 2026 that Plaintiffs are not entitled to the asset information until the issue regarding punitive damages is decided on summary judgment."), there is no dispute over who employed Mr. Pierre at the time of the motor vehicle accident. That is, the Parties do not dispute that Star Logistics and Hospitality Services LLC was Mr. Pierre's employer at the time of the accident. ECF No. 79-1 at 1 n.1; ECF No. 79-3 ¶ 3; ECF No. 83-1 ¶ 3. Further, Star Logistics and Hospitality Services, LLC has provided Mr. Pierre's W-2 to demonstrate that he was their employee at the time of the accident. ECF No. 85-17 at 2. Accordingly, the Court will refer to Star Logistics and Hospitality Services, LLC as Mr. Pierre's employer.

[7] Pagination corresponds to CM/ECF headers.

circumstances surrounding Mr. Pierre's hiring and employment. *See, e.g.*, ECF No. 83-1 ¶11; 83-2 ¶ 17.

**2. The Motor Vehicle Accident**

On September 20, 2024, Plaintiff Seng Long Kim was driving southbound on I-95 in Bensalem, Pennsylvania. ECF No. 80 ¶ 2. Plaintiffs Srey Pov Art and Som Art Hy were passengers in Kim's vehicle. *Id.* Also on the road was Mr. Pierre, who was driving a commercial motor vehicle. *Id.* ¶ 1; ECF No. 79-3 ¶ 3.

Prior to the accident, Mr. Pierre's vehicle was approaching an emergency response scene on the southbound lanes of I-95 due to an unrelated motor vehicle accident. ECF No. 83-1 ¶ 4. Traffic was stopped for approximately thirty (30) minutes due to an unrelated motor vehicle accident that had occurred approximately a quarter of a mile south. ECF No. 83-1 ¶ 5; 83-5 at 37, 49, 55. So, hazard and safety warnings, including brake and emergency lights, first responders, and stopped vehicles, were visible. *Id.* Immediately prior to the collision, Mr. Pierre was reaching to secure an unfastened water bottle in the vehicle. ECF No. 83-1 ¶ 6. At some point, Mr. Pierre, driving the commercial vehicle, struck the rear of Plaintiffs' vehicle. There is no evidence that Mr. Pierre was using his cellphone at the time of the accident. ECF No. 80 ¶ 3. Mr. Pierre was travelling at approximately forty-five miles per hour. ECF No. 83-5 at 3.[8]

## II. LEGAL STANDARD

On a motion for summary judgment, the movant must show "that there is no genuine dispute as to any material fact[,]" and that "the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the

[8] Plaintiffs point to Defendants' answer to Interrogatories in which Mr. Pierre stated that he "is not exactly sure [how fast he was going] but recalls traveling about 45 mph prior to the accident." ECF No. 83-5 at 3.

governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party[,]" there exists a genuine issue of material fact. *Id.* The most important question for a court to consider is "whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252. It is the responsibility of the moving party to inform the district court of the evidence that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In evaluating the evidence, "all justifiable inferences are to be drawn in . . . favor" of the nonmoving party. *Anderson*, 477 U.S. at 255. The non-movant cannot rely on unsupported allegations but must "provide some evidence" which shows that there is a genuine issue for trial. *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). If the entire record "could not lead a rational trier of fact to find for the non-moving party," the court should grant summary judgment, as "there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations and citation omitted).

## III. DISCUSSION

Defendants have moved for partial summary judgment on Plaintiffs' Complaint. ECF No. 79. Defendants seek dismissal of Plaintiffs' claim for punitive damages in its entirety and dismissal of Plaintiffs' direct claim of negligence and recklessness against Star Logistics and Hospitality Services, LLC. *Id.* at 2. Defendants argue that no reasonable fact finder could award punitive damages on the basis that Mr. Pierre acted or failed to act with conscious disregard of the risk of colliding with Plaintiffs. ECF No. 79 at 8; ECF No. 79-1 at 13. Defendants further argue that Plaintiffs' direct claims of negligence and recklessness against Star Logistics and Hospitality Services, LLC should be dismissed as a *duplicative* claim because it has conceded that Mr. Pierre

was their employee at the time of the accident, and because Plaintiffs cannot sustain a punitive damages claim against it. ECF No. 79-1 at 10–13.

### A. Defendants' Motion for Partial Summary Judgment as to Plaintiffs' Punitive Damages Claim Will Be Denied

*First*, Defendants move for summary judgment on Plaintiffs' claim for punitive damages against Mr. Pierre. ECF No. 79-1 at 4–9. Defendants argue that Plaintiffs have not marshalled sufficient evidence from which a reasonable fact finder, presented with all the evidence, could award punitive damages against Mr. Pierre because Plaintiffs have not produced sufficient facts that support their claim that Mr. Pierre's actions or inactions were reckless. *Id.* at 6–7. Plaintiffs oppose, arguing that to the contrary, there are genuine issues of material fact regarding Mr. Pierre's state of mind at the time of the accident, and that there are facts from which a reasonable fact finder could determine that Mr. Pierre subjectively appreciated and consciously disregarded the risk of harm to the public associated with his conduct. ECF No. 83-3 at 5–20.

The Court's analysis begins with the applicable caselaw. In Pennsylvania, punitive damages are awarded "to punish a tortfeasor for outrageous conduct and to deter him or others like him from similar conduct."[9] *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005). Accordingly, punitive damages are only available to punish tortfeasors who act with "evil motive or [with] reckless indifference to the rights of others." *Id.* (quoting *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984)).

An award of punitive damages where the Plaintiff maintains that the defendant has acted *recklessly* is proper where the plaintiff has marshalled evidence "sufficient to establish that (1) a defendant had a *subjective appreciation* of the risk of harm to which the plaintiff was exposed and

[9] Pennsylvania state law governs the Court's analysis of Plaintiffs' punitive damages claims. *See Wright v. Ryobi Techs., Inc.*, 175 F. Supp. 3d 439, 455 (E.D. Pa. 2016) ("State law governs the legal standard for punitive damages").

that (2) he acted, or failed to act, as the case may be, in *conscious disregard* of that risk." *Id.* at 772 (citing *Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1097–98 (Pa. 1985)) (emphasis added). The risk of harm must be "substantially greater than that which is necessary to make [the defendant's] conduct negligent." *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005) (citing *Hutchison ex rel. Hutchison*, 870 A.2d at 771). As relevant here, "[t]he defendant's subjective appreciation and conscious disregard . . . can be proved by circumstantial evidence[,]" including the defendant's training or experience, regardless if the defendant admits knowledge of a danger. *Livingston v. Greyhound Lines Inc.*, 208 A.3d 1122, 1130 (Pa. Super. Ct. 2019); *see Burke v. TransAm Trucking, Inc.*, 605 F. Supp. 2d 647, 655 (M.D. Pa. 2009) (finding that "[i]t would not be unreasonable for a jury to find that [defendant], with his experience and training, consciously appreciated the risk of harm from driving fifty-five miles per hour in a thirty-five mile per hour zone around a curve and consciously disregarded or was indifferent to that risk"). But merely demonstrating that the defendant *generally* understood a risk or had knowledge of similar past risks is itself insufficient to raise a question of fact in favor of punitive damages. *See Shipman v. Aquatherm L.P.*, No. 17-5416, 2020 WL 1984903, at *8 (E.D. Pa. Apr. 27, 2020) (finding that "[a] defendant's mere knowledge of other accidents . . . is insufficient to support a claim for punitive damages" (quoting *Dyvex Indus., Inc. v. Agilex Flavors & Fragrances, Inc.*, No. 12-CV-0979, 2018 WL 827518, at *4 (M.D. Pa. Feb. 12, 2018) (internal quotation marks omitted)); *see also Calhoun v. Van Loon*, No. 12-CV-458, 2014 WL 3428876, at *3 (M.D. Pa. July 11, 2014) (finding that evidence that a defendant "had been involved, and has continued to be involved . . . in several accidents, and that [defendant] knew he broke the company rules" was "insufficient to raise a question of fact as to whether [defendant] acted outrageously and in conscious disregard of the risks of his conduct").

### 1. Summary Judgment Will Be Denied as to Plaintiffs' Punitive Damages Claim Against Mr. Pierre

*First*, Defendants argue that they are entitled to summary judgment on Plaintiffs' punitive damages claim against Mr. Pierre individually. ECF No. 79-1 at 4–9. Defendants argue that Plaintiffs cannot sufficiently support their proposition that Mr. Pierre had the requisite subjective awareness of the risk of collision and that he consciously disregarded that risk when he acted or failed to act in relation to his collision with Plaintiffs' vehicle. *Id.* at 6–9.

In opposition, Plaintiffs argue that Mr. Pierre was subjectively aware of the risk of harm to Plaintiffs and the public from distracted driving and that he consciously disregarded the risk. ECF No. 83-3 at 5–8. Plaintiffs argue that Mr. Pierre's subjective appreciation of the risk of harm can be inferred from his experience and training. *Id.* at 8. Plaintiffs point to numerous pieces of evidence in the record that support an award of punitive damages against Mr. Pierre, including his own deposition testimony and deposition testimony of Star Logistics and Hospitality Services, LLC's corporate designee, Michael Pillot, regarding the nature of Mr. Pierre's training and past experience driving trucks like the one he was driving at the time of the accident and that Mr. Pierre was "specifically instructed" on the dangers of distracted driving, following too closely, and reacting to emergency vehicles. *Id.* at 8–11. Plaintiffs also argue that Mr. Pierre consciously disregarded the risks of distracted driving. Plaintiffs specifically argue that Mr. Pierre's conduct constituted "prolonged conscious inaction in the face of escalating and unmistakable danger[.]" *Id.* at 5.

Upon a diligent review of the record, the Court finds that Plaintiffs have marshalled sufficient evidence supporting Mr. Pierre's subjective awareness of the significant risk that his driving posed to Plaintiffs (and other motorists) and his conscious disregard of that risk.

*First*, Plaintiffs have gathered sufficient evidence that Mr. Pierre had subjective awareness of the risk of his driving. The record demonstrates that Mr. Pierre was experienced and trained by his employer on how to drive the kind of vehicle he was operating. ECF No. 83-2 ¶ 16; ECF No. 86-1 at 8–9, 45–46. Specifically, Mr. Pierre testified during his deposition that he had several years of experience driving "big box trucks," ECF No. 86-1 at 6, before he began working at Star Logistics and Hospitality Services, LLC. *Id.* at 6–7. Mr. Pierre testified that he was trained on "how" to drive the trucks he would be driving for Star Logistics and Hospitality, LLC. *Id.* at 9. This included written materials as well as in-person instruction. *See id.* Mr. Pierre testified that he had driven the same "kind" of truck that he was driving on the day of the accident. *Id.* Mr. Pierre's testimony also suggests that he understands that the actions he took were dangerous. ECF No. 83-3 at 6–7, 15 (acknowledging that operating the vehicle distracted and with a loose water bottle was dangerous); ECF No. 86 at 4 (calling his conduct reckless when shown video footage of the accident). While his exact speed is disputed, Mr. Pierre was driving approximately *forty-five* mph while approaching an emergency-response area when he remembers reaching for the bottle of water. ECF No. 79-5 at 2; ECF No. 83-2 at 3, 7 (claiming that Mr. Pierre was speeding ten mph over the speed limit); ECF No. 85 at 6 (claiming that he remembers travelling around forty-five mph, ten mph below the speed limit).

Moreover, the expert testimony of Keith A. Bergman that Mr. Pierre had time to perceive the conditions on the road ahead of him could be credited to find that Mr. Pierre subjectively perceived the risk of his driving. ECF No. 81-4 at 27. Bergman opines in his expert report that Mr. Pierre's driving was inattentive. *See id.* Bergman further opines that Mr. Pierre had sufficient time to observe the traffic ahead but still collided with Plaintiffs while traveling at a speed of 45 miles per hour. *See id.* This evidence, if credited by a jury, supports a finding that Mr. Pierre was

aware of the risk of harm that his driving created by driving at high speeds and not coming to a stop.[10]

*Next*, Plaintiffs have gathered sufficient evidence that Mr. Pierre consciously disregarded that risk. There is sufficient evidence from which a reasonable fact finder could determine that Mr. Pierre acted or failed to act in conscious disregard of the known risk of colliding with Plaintiffs' vehicle due to (1) his speed, (2) his conduct in relation to reaching for the water bottle, (3) his proximity to emergency vehicles and stopped traffic, and (4) his previous experience and training as a commercial truck driver. *See Burke*, 605 F. Supp. 2d at 655 (finding that a reasonable jury may find defendant-employee's "conduct was in conscious disregard to known risks" based on his training and experience as a truck driver and the fact that he was travelling fifty-five mph (twenty mph above the speed limit) around a curve).

The Court rejects Defendants' arguments that Mr. Pierre was required to take deliberate acts and that an inquiry into Mr. Pierre's *state of mind* is inherently insufficient. Punitive damages are not reserved for only "evil motive[s]," but may be awarded where the defendant has acted *recklessly*, or, where there have been deliberate acts *or* a "fail[ure] to act, as the case may be, in *conscious disregard* of that risk." *Hutchison ex rel. Hutchison*, 870 A.2d at 770, 772 (emphasis added) (citation omitted). This is a case about distracted driving. The driver's failure to apply the brakes, to look at the roadway, etc., are all "fail[ures] to act." *Id.* at 772 (citation omitted).

[10] The Court rejects Defendants' contention that finding a jury question as to Mr. Pierre's state of mind here means that *every* plaintiff bringing a negligence claim stemming for motor vehicle accident will prevail at summary judgment on the issue of punitive damages on this basis. ECF No. 85 at 3–4. Of course, the Court's determination that a jury question exists is specific to the facts of this case. As discussed, the record contains evidence that Mr. Pierre had sufficient time to perceive the stopped traffic and emergency vehicles ahead of him. *See, e.g.*, ECF No. 81-4 at 27. Accordingly, in determining whether Mr. Pierre acted recklessly, an inquiry into his state of mind as the driver of the vehicle that initiated the motor vehicle accident, is required to determine the issue of punitive damages.

Evidence that tends to show Mr. Pierre's awareness of his surroundings prior to and during the accident, ECF No. 83-5 at 37, his awareness of how to operate the truck he was driving, ECF No. 86-1 at 8–9, 45–46, his experience driving the truck before, *Id.* at 12, and the testimony that he had ample time to see the traffic ahead of him but nonetheless collided with Plaintiffs vehicle at 45 mph, ECF No. 81-4 at 27, could be credited by a jury as evidence that Mr. Pierre disregarded the risk of distracted driving a commercial truck on a highway while traveling at moderate speeds.

For these reasons, Defendants' Motion for Partial Summary Judgment will be denied in part as to Plaintiffs' punitive damages claim against Defendant Mr. Pierre. Accordingly, the issue of whether punitive damages may be awarded to Plaintiffs for Mr. Pierre's conduct will proceed to trial.

**2. Summary Judgment Will Be Denied as to Plaintiffs' Claim Against Star Logistics and Hospitality Services, LLC's for Vicarious Liability**

Defendants have also moved for summary judgment on Plaintiffs' vicarious liability claim for punitive damages against Star Logistics and Hospitality Services, LLC on the basis that Plaintiffs cannot sustain a punitive damages claim against Mr. Pierre.

Under Pennsylvania law, "[p]unitive damages may be awarded on the basis of vicarious liability." *Burke*, 605 F. Supp. 2d at 657 (quoting *Shiner v. Moriarty*, 706 A.2d 1228, 1240 (Pa. Super. Ct. 1998) (internal quotation marks omitted)). Consequently, "an employer may be vicariously liable for the reckless conduct of an employee without proof that the employer's conduct also satisfies the standard for punitive damages." *Fields v. Lebert*, No. 24-447, 2025 WL 2404247, at *5 (E.D. Pa. Aug. 19, 2025) (citing *Livingston*, 208 A.3d at 1132). Where the record is sufficient such that the defendant-employee's conduct supports an award of punitive damages, the defendant-employer's vicarious liability for employee's conduct is also a question for the jury.

*Id.* In other words, the availability of punitive damages for the acts of the employer is dependent on the availability of punitive damages for the acts of the employee.

Here, the Court has denied summary judgment as to Plaintiffs' punitive damages claim against Mr. Pierre. *Supra* Part (IV)(A)(1). It is undisputed that Mr. Pierre was operating the motor vehicle that collided with Plaintiffs' vehicle in the course and scope of his employment for Star Logistics and Hospitality Services, LLC. ECF No. 85 at 21. So, Plaintiffs may proceed with a theory of vicarious liability against Star Logistics and Hospitality Services, LLC for punitive damages on the basis of Mr. Pierre's conduct. Accordingly, Defendants' Motion for Partial Summary Judgment as to Plaintiffs' punitive damages claim against Star Logistics and Hospitality Services, LLC under a theory of vicarious liability theory must also be denied. *See Fields*, 2025 WL 2404247, at *5. The claim will proceed to trial.

**B. Defendants' Motion for Summary Judgment as to Plaintiffs' Direct Claims of Negligence and Recklessness Against Star Logistics and Hospitality Services, LLC Will Be Granted**

Defendants have moved for summary judgment on Plaintiffs' direct claims of negligence and punitive damages against Star Logistics and Hospitality Services, LLC. ECF No. 79-1 at 10. Plaintiffs have brought claims for negligence and recklessness against Star Logistics and Hospitality Services, LLC for negligently, carelessly, and recklessly hiring, training, supervising, and entrustment of Defendant Pierre. ECF No. 1. ¶¶ 12, 21.

As a general rule, a plaintiff cannot maintain claims for corporate *negligence* against a defendant-employer if the plaintiff has asserted a claim against the same defendant on the theory of vicarious liability and that defendant-employer has admitted to an agency relationship with the employee at the time of the accident. *Fields*, 2025 WL 2404247, at *5 (citing *Sterner v. Titus Transp., LP*, No. 10-2027, 2013 WL 6506591, at *3–4 (M.D. Pa. Dec. 12, 2013)). "The rationale is that the employer's liability is a derivative claim fixed by a determination of the employee's

negligence." *Id.* (internal quotation marks and citation omitted). There is an exception to this rule, however, which allows a plaintiff to maintain both vicarious and direct liability claims against the same defendant when a plaintiff has "a viable claim for punitive damages against the supervisor/employer defendant." *Id.* at *6 (quoting *Sterner*, 2013 WL 6506591, at *3) (collecting cases). Punitive damages claims, however, may only proceed against the employer where a jury can conclude that the employer had an appreciation of the risk that defendant would engage in the *specific* conduct he or she did. ECF No. 79 at 11; *Felkner v. Werner Enters., Inc.*, No. 13-2189, 2014 WL 1013474, at *5 n.11 (E.D. Pa. Mar. 14, 2014) (finding that "the salient issue is whether [defendant-employer] had an appreciation of the risk that the [defendant-employee] would engage in the *specific conduct* that occurred" (emphasis added)). For example, "[i]n determining if punitive damages could be brought against [a] trucking company for negligent supervision, the [*Burke*] [c]ourt looked to see if the trucking company had a subjective appreciation of the risk that the driver would *speed*, which was the danger the plaintiff had been faced with" in that case. *Id.* (citing *Burke*, 605 F. Supp. 2d at 656).

Applying that principle here, the Court finds that Plaintiffs have not gathered sufficient evidence to support a punitive damages claim against Star Logistics and Hospitality Services, LLC's based on the entity's *own* "reckless" conduct. Plaintiffs submit that Star Logistics and Hospitality Services, LLC operated in noncompliance with mandatory federal and state laws and regulations, including the Federal Motor Carrier Safety Administration ("FMCSA") and the New Jersey Motor Vehicle Commission ("NJMVC"). ECF No. 83-3 at 22–25. But even assuming that Star Logistics and Hospitality Services, LLC violated the regulations that Plaintiffs claim they did by failing to verify and maintain various records, these failures are unrelated to Mr. Pierre's alleged failure to drive safely. Plaintiffs argue that these hiring and record-keeping regulations generally

protect the public by, for example, informing employers of the driver's felon status. ECF No. 83-3 at 23. But Plaintiffs have not claimed that Mr. Pierre is a felon. So, Star Logistics and Hospitality Services, LLC's alleged violations of the FMSCA and the NJMVC are not sufficiently related to the specific conduct which caused the accident.[11]

Thus, Plaintiffs do not have a viable claim for punitive damages against Star Logistics and Hospitality Services, LLC. Accordingly, Plaintiffs may not bring a direct claim for negligence against Star Logistics and Hospitality Services, LLC. Plaintiffs' direct claims for negligence and recklessness against Star Logistics and Hospitality Services, LLC are dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Partial Summary Judgment (ECF No. 79) is **GRANTED in part** and **DENIED in part**. Defendants' Motion (ECF No. 79) is **GRANTED** as to Plaintiffs' direct claims of negligence and punitive damages as to Star Logistics and Hospitality Services, LLC. Plaintiffs' claims for punitive damages will proceed to trial against Mr. Pierre and against Star Logistics and Hospitality Services, LLC on the basis of vicarious liability. An appropriate Order will follow.

[11] Plaintiffs argue that motions for summary judgment are frequently denied when defendant-employers operate in violation of numerous regulations or with inadequate training programs. ECF No. 83-1 at 22. But those cases involve situations where noncompliance was closely related to the risk to which plaintiffs were actually exposed, and are thus distinct from the present case, where the alleged violations are insufficiently linked to Mr. Pierre's distracted driving. *See Fields*, 2025 WL 2404247, at *6–7 (finding that a jury may determine defendant-employer acted recklessly where defendant-employee received no training on how to back-up a tractor-trailer, which was the specific cause of the accident); *Stemrich v. Zabiyaka*, No. 12-CV-1409, 2014 WL 670919, at *4 (M.D. Pa. Feb. 21, 2014) (denying summary judgment where defendant-employer, in violation of numerous regulations, failed to verify defendant-employee's application, which excluded numerous existing accidents and violations, and failed to audit his driving logs, which included fraudulent statements about his hours logged, both of which were designed to maintain safety on roads and related to the accident); *Esteras v. TRW, Inc.*, No. CV-03-1906, 2006 WL 2474049, at *3–4 (M.D. Pa. Aug. 25, 2006) (denying summary judgment where defendant-employer failed to maintain the truck defendant-employee drove, and "the cause of the accident [was] the rusted, corroded and otherwise worn drag link and a lack of grease in the joint").

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**